UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES E. GUINN,** | ) | **CASE NO. 1:17CV197** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **GENERAL MOTORS LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #31) of Plaintiff, James E. Guinn, to Supplement the Administrative Record and for Judgment on the Administrative Record. For the following reasons, Plaintiff's Motion is denied.

<u>**I. FACTUAL BACKGROUND**</u>

Julia Tolliver f/k/a Julia Adams was a participant in the General Motors ("GM") Life and Disability Benefits Program for Hourly Employees ("Plan"), which is an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"). The Plan provided Julia with Basic Life Insurance and a Death Benefit of $28,133.00 through Defendant Metropolitan Life Insurance Company ("MetLife").

On March 26, 2002, Julia executed a Beneficiary Designation Form naming her then spouse, Mark J. Tolliver (now known as Rashad A. Saleem), as the beneficiary of her Basic Life Insurance.

On or about March 28, 2008, a Final Judgment of Divorce was entered dissolving Julia's marriage.

On October 17, 2012, Julia and her nephew, James E. Guinn (Plaintiff), went to the UAW office across from GM's Metal Fabrication Division where Julia worked before she retired. Julia completed a new Beneficiary Designation Form. She designated Plaintiff as her primary beneficiary and indicated that his allotted share would be 100%. In the lower portion of the form, meant for identifying a Trust, Julia wrote her name as Trustee and her nephew signed his name in the space provided for listing the name of the Trust Agreement. Julia signed and dated the form "10-17-12."

On October 23, 2012, MetLife sent Julia a letter indicating that it was "unable to process [her] request because the form contains incomplete or missing information." (ECF DKT #29-1 at 9). MetLife provided a blank Beneficiary Designation Form for her to complete, sign and date, but warned: "Please do not use the Trust area unless you are making that designation." *Id*. Further: "After the acceptable form has been made part of your permanent file, a letter of confirmation will be mailed to your address of record." *Id*.

On May 27, 2016, Julia died without ever submitting a new Beneficiary Designation Form.

Plaintiff made a claim for the life insurance benefits; but on August 10, 2016, MetLife denied his claim. MetLife explained that the October 17, 2012 Beneficiary Designation was

never accepted and therefore, was invalid. *Id*. at 14. Despite sending correspondence to the decedent on October 23, 2012, MetLife never received an updated designation. *Id*. "According to [MetLife's] records, the latest valid beneficiary designation on file that was completed by the decedent on March 26th 2002, does not name you as the beneficiary of the Plan benefits." *Id*.

Plaintiff pursued an appeal; but MetLife affirmed the denial of benefits on December 15, 2016. *Id*. at 73-75.

On January 31, 2017, Plaintiff brought this action for recovery of life insurance benefits pursuant to ERISA. Plaintiff's Second Amended Complaint (ECF DKT #14), naming GM, GM Life and Disability Benefits Program for Hourly Employees, MetLife and Rashad A. Saleem, was filed on July 5, 2017. In Count II, Plaintiff alleges in relevant part:

> 35. James was Julia's intended beneficiary with regard to her Basic Life insurance benefits payable upon her death.
>
> 36. In good conscience, the proceeds of Julia's Basic Life insurance benefits belong to James.
>
> 37. Rashad A. Saleem would be unjustly enriched if he received Julia's Basic Life insurance benefits that belong in good conscience to James.
>
> 38. It would be just and equitable for the Court to enjoin MetLife and/or GM from distributing or otherwise dissipating Julia's Basic Life insurance benefit proceeds until the Court determines the proper beneficiary entitled to said proceeds.

Plaintiff and GM reached a confidential settlement and Plaintiff dismissed GM and the Plan with prejudice. Rashad A. Saleem was served but has not answered or made any appearance in this action.

MetLife filed the Administrative Record on November 20, 2017 and MetLife

stipulated that it would take no position on Plaintiff's Motion for Judgment on the Administrative Record. (ECF DKT #26). Plaintiff and MetLife agreed that Plaintiff could supplement the Administrative Record with affidavits from Plaintiff and Decedent's Guardian. *Id*. However, the Court declined to adopt that stipulation unless the evidence offered supports a procedural challenge to the Administrator's decision, such as an alleged lack of due process or alleged bias. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998).

## II. LAW AND ANALYSIS

### Standard of Review

"The default rule is that courts ordinarily review a denial of ERISA benefits under a *de novo* standard." *Fendler v. CNA Group Life Assur. Co.*, 247 F. App'x 754, 758 (6th Cir. 2007), citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

### ERISA plan

It is undisputed that the life insurance policy at issue in this case is an "employee welfare benefit plan" governed by ERISA, 29 U.S.C. § 1002(1). A plan administrator is required to administer the plan "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). Section 1104(a)(1)(D) establishes "a clear mandate that plan administrators follow plan documents to determine the designated beneficiary." *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir. 1996). This general rule applies as long as there are no allegations of forgery or undue influence causing the court to question the validity of the plan documents. *Tinsley v. General Motors Corp.*, 227 F.3d 700, 704 n.1 (6th Cir. 2000). No such challenges to the Plan documents have been made here.

ERISA supersedes all state laws that "relate to" an ERISA plan. 29 U.S.C. § 1144(a). Furthermore, the Sixth Circuit has "repeatedly and explicitly held that the designation of beneficiaries has a connection with or reference to an ERISA plan, and ERISA therefore preempts state law governing the designation of beneficiaries." *Unicare Life & Health Ins. Co. v. Craig*, 157 F. App'x 787, 791 (6th Cir. 2005). See also *Pressley*, 82 F.3d at 129; *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990).

**Supplementing the Administrative Record**

Plaintiff has asked several times to supplement the Administrative Record with his affidavit and that of Decedent's guardian to show that Julia had no Trust Agreement and to support Plaintiff's claim that Julia substantially complied with the Plan's requirements.

Once again, the Court determines that the supplemental affidavits should not be part of the record. The affidavits were executed (and most likely drafted) more than two months after the Second Amended Complaint was filed, eight months after this case was originally instituted, and more than a year after MetLife denied Plaintiff's claim for benefits.

The district court is "strictly limited" to the record of the administrator in its review. *Seiser v. UNUM Provident Corp.*, 135 F. App'x 794, 798 (6th Cir. 2005), citing *Killian v. Healthsource Provident Adm'r, Inc.*, 152 F.3d 514, 522 (6th Cir. 1998) ("in an ERISA claim contesting a denial of benefits, the district court is strictly limited to a consideration of the information actually considered by the administrator"). In *Wilkins*, 150 F.3d at 615, the Sixth Circuit panel found that an affidavit, dated over one month after the final decision denying benefits, was not part of the administrative record.

Additionally, the Court is compelled to note that MetLife concedes that Julia did not

-5-

have a Trust; so, the affidavit evidence would not be of any assistance in that regard. (MetLife's Answer to Second Amended Complaint, ECF DKT #16 at ¶ 10).

The Court, therefore, will not consider the supplemental affidavits offered by Plaintiff.

**Substantial Compliance**

Plaintiff contends that "Julia complied with, or at least substantially complied with, the Plan's requirements for changing her designated beneficiary." (Second Amended Complaint, ECF DKT #14 at ¶ 43). Plaintiff insists that Julia reasonably did all that she could do to meet the conditions of the Plan. (ECF DKT #31 at 23). Completing the Trust Designation portion of the form was an obvious mistake. (*Id.*). Plaintiff asserts: "Although the Sixth Circuit has not expressly adopted the substantial compliance doctrine for purposes of determining an ERISA beneficiary, courts within the Sixth Circuit have routinely applied it in this context." (ECF DKT #31 at 20).

While there is a recognized split among the federal circuits regarding the way in which a beneficiary is determined, the Sixth Circuit "holds that ERISA itself supplies the rule of law," and courts should not look to federal common law or to Ohio common law. *Unicare,* 157 F. App'x at 791, citing *Pressley*, 82 F.3d at 130; see also *McMillan*, 913 F.2d at 311. Rather than applying the "substantial compliance" doctrine, "[u]nder this court's bright line rule, therefore, we determine the insured's intent by the designation on file at the time of the insured's death." *McMillan*, 913 F.2d at 312.

The Court is not persuaded by Plaintiff's arguments to deviate from the "bright line rule." The Court will not declare that Julia "substantially complied" with the Plan's requirements for designating her beneficiary.

In its *de novo* review of the Administrative Record, the Court finds that the operative language governing beneficiaries is found in the MetLife Insurance Certificate. (ECF DKT #29-2 at 44).

**Your Beneficiary**

The "Beneficiary" is the person or persons YOU choose to receive any benefit payable because of YOUR death.

YOU make YOUR choice in writing on a form approved by us. This form must be filed with the records for THIS PLAN.

YOU may change the Beneficiary at any time by filing a new form with us. YOU do not need the consent of the Beneficiary to make a change. When we receive a form changing the Beneficiary, the change will take effect as of the date YOU signed it. The change of Beneficiary will take effect even if YOU are not alive when it is received, provided such change of beneficiary is received prior to the payment of benefits. Any beneficiary designation made for Basic Life Benefits will also apply to Accidental Death or Dismemberment Benefits.

A change of Beneficiary will not apply to any payment made by us prior to the date the form was received by us.

Thus, an insured under the Plan may choose a beneficiary in writing, on an approved form, which is then *filed* with the Plan records. At any time, an insured may change the beneficiary by *filing* a new form.

On October 17, 2012, Julia and Plaintiff went to the GM Human Resources office and filled out a MetLife Beneficiary Designation Form. Plaintiff was named as Primary Beneficiary of Julia's life insurance benefits and, unfortunately, Plaintiff's name was also filled in as the title of a Trust Agreement, with Julia as Trustee.

At the top of the form (ECF DKT #29-1 at 10-11), it states: "Please read the instructions on the next page before completing this form." With regard to the Trust portion

of the form, the instructions state: "If you complete this section, do NOT complete the Primary or Contingent Beneficiary sections." Further, "[i]f you wish to name a Trust(ee) as beneficiary, complete one of the two Trust(ee) Designations instead of the Primary and Contingent Beneficiary sections."

In a letter to Julia, dated October 23, 2012, MetLife advised that it was unable to process her request to change her beneficiary designation. MetLife concluded: "After the acceptable form has been made part of your permanent file, a letter of confirmation will be mailed to your address of record." (ECF DKT #29-1 at 9).

When Plaintiff submitted a claim for his aunt's life insurance benefits, MetLife responded: "According to our records, the latest valid beneficiary designation on file that was completed by the decedent on March 26, 2002, does not name you as the beneficiary of the Plan benefits." (ECF DKT #29-1 at 14).

Following Plaintiff's appeal, MetLife affirmed the denial of Plaintiff's claim: "Therefore, the most recent, properly executed designation on file is dated March 26, 2002, and names someone other than James Guinn. Consequently, in accordance with ERISA and the terms of the Plan, the life insurance proceeds are payable pursuant to the March 26, 2002 beneficiary designation and we must uphold the denial of benefits to James Guinn." (ECF DKT #29-1 at 75).

The terms of the Plan recite that the beneficiary is the person named by the insured employee, on a form approved by MetLife which is filed with the records maintained in connection with the Plan. The October 17, 2012 Beneficiary Designation Form was never accepted, processed or filed with the Plan. Though Julia may have intended to change her

beneficiary from her ex-husband to her nephew, she did not comply with the required terms of the MetLife policy in order to effectuate that change.

Plaintiff asserts that "in good conscience" the proceeds belong to him and that it would be "just and equitable" for the Court to find in his favor. However, as the *Unicare* case instructs: "[O]ur decision is governed, not by equity, but by the law of this circuit." 157 F. App'x at 792. That law mandates that the Plan documents control.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #31) of Plaintiff, James E. Guinn, to Supplement the Administrative Record and for Judgment on the Administrative Record is denied. No substantive claims have been asserted against Defendant Rashad A. Saleem; and Defendant Saleem has not answered nor appeared to assert any claim to the insurance funds. Therefore, since there are no issues remaining for the Court to address, Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated: May 10, 2018